```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                     WESTERN DIVISION
```

RICHARD LOVELACE,               )
                                )
    Plaintiff,                  )        Case No. 08-2776
                                )
v.                              )
                                )
THE CITY OF MEMPHIS POLICE      )
DEPARTMENT and JOHN DOES 1-10,  )
                                )
    Defendants.                 )

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant City of Memphis Police Department's (the "MPD") July 22, 2009, Motion to Dismiss. See Fed. R. Civ. P. 12(b)(6). Plaintiff Richard Lovelace has not responded.[1] The MPD argues that 1) it is an improper Defendant; 2) Plaintiff has failed to state a valid claim against the proper defendant, the City of Memphis (the "City"); and 3) the Court should dismiss the John Doe Defendants because Plaintiff has failed to effect service and the statute of limitations has run, barring him from doing so in the future. Because the MPD's arguments are persuasive, the Court GRANTS the MPD's Motion and DISMISSES Lovelace's suit.

---

[1] This Court has once before issued a Show Cause Order warning Plaintiff that his suit could be dismissed for failure to prosecute. (See Dkt. Nos. 7 (order), 8 (response).)

I.   BACKGROUND

Lovelace alleges in his Complaint that he and John Raiter resided at a house at 3849 Orchi Road, Memphis, Tennessee. Lovelace and Raiter rented the property from Joey Punsen on October 21, 2007. (Compl. ¶¶ 6-7.) Lovelace's two children, a thirteen-year-old son and a six-year-old daughter, also resided in the Orchi Road house. (Id. ¶ 6.) On November 3, 2007, officers "burst into the Plaintiff's home without announcing their presence." (Id. ¶ 8.) Officers drew their weapons and ordered all of the home's occupants to lie on the ground. (Id. ¶ 9.) One officer fatally shot Lovelace's "beloved dog, Tyson." (Id. ¶ 10.) The unknown Defendant officers searched the home, destroyed all of the mattresses and box springs, confiscated all of Lovelace's firearms, and slashed the tires on his car. (Id. ¶¶ 11-13.) Officers then arrested Lovelace, who later learned that he was charged with criminal trespass. (Id. ¶¶ 14-15.) The General Sessions Criminal Court for Shelby County, Tennessee, "discharged" Lovelace on that charge. (Id. ¶ 16.)

Lovelace filed suit on October 31, 2008, under 42 U.S.C. § 1983, alleging that the Defendants had deprived him of his right to be free from unreasonable searches and seizures under the Fourth Amendment and his right to due process under the Fourteenth Amendment. (Id. ¶ 17.) Lovelace seeks $25,000 in compensatory damages and $75,000 in punitive damages against

each Defendant.  (Id.)  The MPD filed its Motion to test the validity of Plaintiff's Complaint.

**II.  JURISDICTION AND STANDARD OF REVIEW**

This Court has original jurisdiction over Plaintiff's federal claims under the general federal question jurisdiction conferred by 28 U.S.C. § 1331.

In addressing a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true.  League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007).  A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007).  This standard requires more than bare assertions of legal conclusions.  Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001).  "[A] formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555.  Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Id. (citing Twombly, 550 U.S. at 555.)

Nonetheless, a complaint must contain sufficient facts "to 'state a claim to relief that is plausible on its face'" to survive a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "This plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949 (citation omitted). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." Id. at 1950.

### III. ANALYSIS

#### A. MPD is not a Proper Defendant and Plaintiff's Complaint Does Not State a Valid Cause of Action Against the City

Defendant's Motion argues that the MPD is "an unincorporated department of the City [that is] merely a vehicle through which the City fulfills its policy functions." (Memorandum in Support of Defendant's Motion to Dismiss at 5.) ("Def's. Memo") The MPD asserts that the proper Defendant is the City. However, the MPD also asks the Court to dismiss Lovelace's Complaint because he has failed to state a § 1983 action against any municipality. (Id. 5-6.)

4

Defendant is correct that the MPD is an improper party to this suit. Numerous cases in the Sixth Circuit have found that the party against which to assert claims of constitutional and statutory violations by police departments is the local municipality. See, e.g., Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994) (proper party for suit against Jefferson County, Kentucky Police Department is Jefferson County); Alexander v. Beale Street Blues Co., 108 F. Supp. 2d 934, 947 (W.D. Tenn. 1999) (Memphis Police Department is not an independent entity capable of being sued); Lee v. Knox County Sheriff's Office, No. 3:05-CV-571, 2006 U.S. Dist. LEXIS 79945, at *6-7 (E.D. Tenn. Oct. 31, 2006) (same for Knox County, Tennessee Sheriff's Department). The proper party for those claims Plaintiff brings against the Memphis Police Department is the City of Memphis. See Alexander, 108 F. Supp. 2d at 947. The Court, therefore, GRANTS the Defendant's Motion and DISMISSES the Memphis Police Department as a Defendant in this action.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Local governments are considered "persons" for purposes of § 1983. Holloway v. Brush, 220 F.3d 767, 772 (6th Cir. 2000). To state a claim under §

1983 against a municipality, a plaintiff must allege that the purported violation of a federal right occurred as the result of an illegal policy or custom. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Municipalities "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Id.

In his Complaint, Lovelace fails to allege that any specific policy or custom was the moving force directly causing the alleged constitutional violations. Cf. Bd. of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 403 (1997) (requiring a plaintiff "to identify a municipal 'policy' or 'custom' that caused plaintiff's injury"). The word custom appears only in a conclusory allegation that the John Doe Defendants "acted toward Plaintiff under color of the statutes, ordinances, customs and usage of the State of Tennessee, City of Memphis, and Memphis Police Department." (Compl. ¶ 4.) The Complaint is silent as to what those "statutes, ordinances, customs, and usages" are. The Court is under no duty to conjure a policy or custom that would support Plaintiff's suit. See Twombly, 550 U.S. at 563, 570. Rather, Plaintiff bears the burden of explaining with minimal, but sufficient, facts exactly what policy or custom caused his injury. Id. at 570; cf. Erickson, 551 U.S. at 94 (prisoner's pro se complaint met standard where it alleged prison staff withheld hepatitis C

6

medication as discipline for prisoner's alleged theft of a needle, leading to the threat of permanent damage to prisoner's health). Because Lovelace has failed to meet this burden, his Complaint fails to state any claim against any municipality against which suit would lie. The Court, therefore, DISMISSES Lovelace's § 1983 municipal liability claim.

### B. Lovelace's Claims Against the Unknown Officers Must Be Dismissed Because He Cannot Now Timely Amend His Complaint to Reflect Their Identities

The MPD next argues that the Court should dismiss all claims against the John Doe officer Defendants because the one-year statute of limitations on § 1983 actions has expired and any effort by Lovelace to amend the Complaint to reflect the actual names of the individual Defendants would not relate back to the suit's original filing date. (Def.'s Memo at 6-9.) The MPD's argument rests on the interaction between the statute of limitations and two related provisions of the Federal Rules of Civil Procedure.

Actions brought in Tennessee under § 1983 are subject to a one-year statute of limitations. See Tenn. Code Ann. § 28-3-104(a)(3); Berndt v. Tennessee, 796 F.2d 879, 883 (6th Cir. 1986). Where an amendment to a complaint would add a new party, the amendment must come within the statute of limitations period or relate back to the original filing date of the complaint. Cox v. Treadway, 75 F.3d 230, 240 (6th Cir. 1996). Naming a

7

John Doe defendant cannot save a pleading from this requirement. Id.; Force v. City of Memphis, No. 95-6333, 1996 U.S. App. LEXIS 30233, at *11-12 (6th Cir. Nov. 14, 1996) (following Cox). Lovelace has not sought to amend his Complaint to replace a John Doe Defendant with a named defendant. Lovelace would have needed to file such an amendment by November 3, 2008, one year after the MPD entered his home, for the amendment to be timely. See Tenn. Code Ann. § 28-3-104(a)(3). Therefore, Lovelace's claim against the unknown officers may only survive dismissal if any future amendment can relate back to the original date he filed suit. Cox, 75 F.3d at 240.

Federal Rule of Civil Procedure 15(c) ("Rule 15") governs the relation back of amendments to the date of the original pleading. It provides:

> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
>
>   (A) the law that provides the applicable statute of limitations allows relation back;
>
>   (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
>   (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

8

>   (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
>   (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1). As noted above, the applicable statute of limitations will not allow an amendment to relate back. See Tenn. Code Ann. § 28-3-104(a)(3) (providing for a one-year limitations period); see also Fed. R. Civ. P. 15(c)(1)(A). Thus, for any amendment to relate back, the amendment must satisfy the provisions of both Rule 15(c)(1)(B) and (C)[2]. The Court will assume a future amendment would meet Rule 15(c)(1)(B)'s requirement that the amendment relate to "a claim . . . that arose out of the conduct . . . set out . . . in the original pleading" because Lovelace would be seeking to add the names of the officers who entered his house on November 3, 2007. See Force, 1996 U.S. App. LEXIS 30233, at *6-7 (finding Rule 15(c)(1)(B) satisfied when officers to be named are the same as those who allegedly violated plaintiff's rights during incident in question). Lovelace must then satisfy the two requirements of subsection (c)(1)(C). He can satisfy neither.

---

[2] This is because Rule 15(c)(1)(C) also requires a party to meet the requirements of subsection (B). See Fed. R. Civ. P. 15(c)(1)(C) (an amendment is valid "if Rule 15(c)(1)(B) is satisfied").

Rule 15(c)(1)(C) first requires that the party to be added have received notice of the pending action. Fed. R. Civ. P. 15(c)(1)(C)(i). The party must have had that notice within 120 days of the date Lovelace originally filed his Complaint, i.e., the time period Federal Rule of Civil Procedure 4(m) allows for serving the summons and complaint. See Fed. R. Civ. P. 15(c)(1)(C) (making the time period allowed for service under Rule 4 the limitations period for notice). The Sixth Circuit has suggested in dicta that this notice can be actual or constructive. See Berndt, 796 F.2d at 884 ("We believe that Rule 15(c) does not require that the new defendants received actual notice." (citation omitted)) (dicta). The notice inquiry is factual and takes into account the totality of the circumstances surrounding the proposed new defendants and their relation to the already named defendants. Id.; Force, 1996 U.S. App. LEXIS 30233, at *11 (describing the Berndt factors as a "non-exhaustive list").

Although this inquiry is made more difficult by Lovelace's failure to take steps to obtain the names of the officers, one factor suggests that constructive notice might be inferred. The officers are alleged to have worked for the original named Defendant, MPD. Cf. Berndt, 796 F.2d at 884 (suggesting that, where a proposed individual defendant worked for an already-named corporate defendant, suing the corporate defendant might

10

give constructive notice to the party). However, there is no indication in Plaintiff's Complaint that any of the officers who are alleged to have raided his home in 2007 were high-ranking supervisors or would have any other reason to be aware of the legal affairs of the MPD. Compare Compl. ¶ 4 (describing John Doe Defendants as "duly appointed police officers of the City of Memphis"), with Force, 1996 U.S. App. LEXIS 30233, *8-9 (where officers are not "'high officials' of the city or of the police department and would not have been involved in the city's legal affairs," Rule 15(c)(1)(C)(i) not satisfied). Lovelace is represented by counsel, unlike the Berndt plaintiff, who was pro se. Thus, there is no reason to bend the normal procedural rules. Berndt, 796 F.2d at 882-83 (explaining that, to avoid a "miscarriage of justice," the pro se plaintiff should be allowed to amend his Complaint). No such miscarriage of justice would result here. Lovelace cannot meet the notice requirement of Rule 15(c)(1)(C).

Lovelace also fails to satisfy Rule 15's second requirement: that, but for the mistake in identity, the proposed new defendant knew or should have known that an action would have been brought against him. Fed. R. Civ. P. 15(c)(1)(C)(ii). The Sixth Circuit held in Cox that, because naming unknown officer defendants is not a "mistake or misnomer," a late-filed amendment to add a party cannot meet

11

Rule 15's mistaken identity requirement. 75 F.3d at 240. Because Lovelace would have to meet both requirements of Rule 15 to amend his Complaint, his failure on the second prong alone is sufficient to preclude his suit against the John Doe Defendants. See Force, 1996 U.S. App. LEXIS 30233, *11-14 (noting the mistaken identity requirement as an additional reason to affirm the district court's refusal to allow the amendment). Rule 15 prevents Lovelace from adding any defendant who has yet to be named; therefore, his suit has no properly-named defendants and cannot continue. The Court, therefore, DISMISSES the claims against the unnamed officer Defendants.

**IV.    CONCLUSION**

The MPD is an inappropriate defendant in a § 1983 action. Because Plaintiff has failed to state a claim against any municipal defendant and cannot amend his Complaint to add a properly-named individual defendant, the Court GRANTS MPD's Motion and DISMISSES Lovelace's suit.

So ordered this 24th day of February, 2010.

                                    s/ Samuel H. Mays, Jr.
                                    SAMUEL H. MAYS, JR.
                                    UNITED STATES DISTRICT JUDGE